# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE FEGAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ARNOLD,<br><br>　　　　Respondent. | Case No. 1:17-cv-00519-SAB-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO ASSERT CLAIMS UNDER 42 U.S.C. § 1983<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND PETITIONER CIVIL RIGHTS COMPLAINT FORM |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 4).

**I.**

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") serving an imprisonment term of life without the possibility of parole. (ECF No. 1 at 1).[1] In the instant petition, Petitioner seeks a parole hearing date and asserts that the CDCR erroneously dismissed as untimely his request for a parole hearing. Petitioner also seeks guidance from the Court in light of the CDCR's new regulations regarding parole eligibility after the passage of Proposition 57. (ECF No. 1 at 4).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### A. Federal Habeas Jurisdiction

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S at 535 n.13).

Here, Petitioner seeks a parole hearing date and asserts that the CDCR erroneously dismissed as untimely his request for a parole hearing. Success on Petitioner's claim would not necessarily lead to his immediate or earlier release from confinement. Petitioner also seeks guidance from the Court in light of the CDCR's new regulations after the passage of Proposition 57. However, the Court cannot provide legal advice to litigants, even when they are pro se litigants who lack legal training. Based on the foregoing, Petitioner's claim is not cognizable in federal habeas, and the petition should be dismissed.

///

### B. Conversion to § 1983 Civil Rights Action

Petitioner may convert his petition to a civil rights action under 42 U.S.C. § 1983. See Nettles, 830 F.3d at 936 ("If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.") (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes, however, that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

If Petitioner chooses to convert the instant matter to a civil rights action, Petitioner will be required to amend his pleading to name the proper defendants and to seek the appropriate relief. The filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted in forma pauperis status. See 28 U.S.C. § 1915(b)(1).[2]

Petitioner also may, at his option, voluntarily dismiss his habeas petition without prejudice to refiling his claims as a § 1983 civil rights action. However, Petitioner is forewarned that dismissal and refiling may subject Petitioner to a possible statute of limitations bar as well as other complications as set forth above.

### III.

### ORDER

Accordingly, the Court HEREBY ORDERS that:

1. The Clerk's Office is DIRECTED to send Petitioner a civil rights complaint form.
2. Within **THIRTY (30) days** from the date of service of this order, Petitioner shall either:
   a. submit a civil rights complaint[3] that names the proper defendants and seeks

---

[2] The Court previously authorized Petitioner to proceed in forma pauperis in this case. (ECF No. 3).
[3] The complaint should refer to case number 1:17-cv-00519-SAB.

3

        appropriate relief; <u>OR</u>

    b. voluntarily dismiss the instant action without prejudice to refiling his claims in a § 1983 action.

3. If Petitioner fails to submit a civil rights complaint, the Court will dismiss the instant action without prejudice to Petitioner refiling his claims in a § 1983 action.

IT IS SO ORDERED.

Dated: __**May 4, 2017**__

                                           UNITED STATES MAGISTRATE JUDGE