UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE FEGAN, | Case No. 1:17-cv-00519-SAB-HC |
| Petitioner, | ORDER |
| v. | |
| ARNOLD, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 4).

**I.**

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") serving an imprisonment term of life without the possibility of parole. (ECF No. 1 at 1).[1] On April 10, 2017, Petitioner filed a federal petition for writ of habeas corpus, which sought a parole hearing date and asserted that the CDCR erroneously dismissed his request for a parole hearing. (ECF No. 1). On May 4, 2017, the Court found that Petitioner's claim is not cognizable in federal habeas and granted Petitioner leave to assert his claims in a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 5).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On May 17, 2017, the Court received Petitioner's notice of appeal of the Court's order. (ECF No. 6). On May 30, 2017, as the appeal was pending, the Court received an amended petition for writ of habeas corpus. (ECF No. 9). On June 15, 2017, the Ninth Circuit dismissed the appeal for lack of jurisdiction. (ECF No. 12).

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A. Federal Habeas Jurisdiction**

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S at 535 n.13).

In the amended petition, Petitioner again asserts that the CDCR erroneously dismissed his request for a parole hearing under the Elderly Parole Program. (ECF No. 9 at 2–3). Petitioner seeks consideration for parole suitability. (ECF No. 9 at 8). However, success on Petitioner's claim would not necessarily lead to his immediate or earlier release from confinement. See

2

Nettles, 830 F.3d at 935 (noting that under California law, the parole board must consider all relevant reliable information in determining suitability for parole and has the authority to deny parole on the basis of any grounds presently available to it). Based on the foregoing, Petitioner's claim is not cognizable in federal habeas corpus.

**B. Conversion to § 1983 Civil Rights Action**

Petitioner may convert his petition to a civil rights action under 42 U.S.C. § 1983. See Nettles, 830 F.3d at 936 ("If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.") (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes, however, that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

If Petitioner chooses to convert the instant matter to a civil rights action, Petitioner will be required to amend his pleading to name the proper defendants and to seek the appropriate relief. The filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted in forma pauperis status. See 28 U.S.C. § 1915(b)(1).[2]

Petitioner also may, at his option, voluntarily dismiss his habeas petition without prejudice to refiling his claims as a § 1983 civil rights action. However, Petitioner is forewarned that dismissal and refiling may subject Petitioner to a possible statute of limitations bar as well as other complications as set forth above.

Once Petitioner informs the Court on how to he wishes to proceed in this matter, the Court will provide further instructions.

---

[2] The Court previously authorized Petitioner to proceed in forma pauperis in this case. (ECF No. 3).

# III.

# ORDER

Accordingly, the Court HEREBY ORDERS that:

1. Within **TWENTY- ONE (21) days** from the date of service of this order, Petitioner shall return the attached form advising the Court whether he would like to:
    a. convert his habeas petition to a § 1983 civil rights action and file an amended complaint, which would require Petitioner to pay the full $350 filing fee by way of deductions from income to Petitioner's trust account; OR
    b. voluntarily dismiss the instant action without prejudice to refiling his claims in a § 1983 action, subject any statute of limitations issues.
2. If Petitioner fails to submit the attached form, the Court will dismiss the instant action without prejudice to Petitioner refiling his claims in a § 1983 action.

IT IS SO ORDERED.

Dated: **June 20, 2017**

UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE FEGAN,<br><br>        Petitioner,<br><br>    v.<br><br>ARNOLD,<br><br>        Respondent. | Case No. 1:17-cv-00519-SAB-HC<br><br>PETITIONER'S NOTICE REGARDING HOW TO PROCEED |

**CHECK ONLY ONE AND RETURN TO CLERK'S OFFICE WITHIN 14 DAYS.**
**If Petitioner fails to submit this form, the Court will dismiss the instant action without prejudice to Petitioner refiling his claims in a § 1983 action.**

\_\_\_\_\_ Petitioner wishes to convert his habeas petition to a § 1983 civil rights action and file an amended complaint, which would require Petitioner to pay the full $350 filing fee by way of deductions from income to Petitioner's trust account.

\_\_\_\_\_ Petitioner wishes to voluntarily dismiss the instant action without prejudice to refiling his claims in a § 1983 action, subject any statute of limitations issues.

DATED: _____  _____
                                                                      Steve Fegan

Petitioner

6