# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE FEGAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ARNOLD,<br><br>　　　　　Respondent. | Case No. 1:17-cv-00519-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR REVIEW AND RECONSIDERATION<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF Nos. 14, 15) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 4).

## I.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") serving an imprisonment term of life without the possibility of parole. (ECF No. 1 at 1).[1] On April 10, 2017, Petitioner filed a federal petition for writ of habeas corpus, which sought a parole hearing date and asserted that the CDCR erroneously dismissed his request for a parole hearing. (ECF No. 1). On May 4, 2017, the Court found that Petitioner's

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

claim is not cognizable in federal habeas and granted Petitioner leave to assert his claims in a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 5).

On May 17, 2017, the Court received Petitioner's notice of appeal of the Court's order. (ECF No. 6). On May 30, 2017, as the appeal was pending, the Court received an amended petition for writ of habeas corpus in addition to a second notice of appeal of the Court's May 4, 2017 order. (ECF Nos. 9, 10). On June 15, 2017, the Ninth Circuit dismissed the appeal for lack of jurisdiction. (ECF No. 12).

On June 21, 2017, the Court found that Petitioner's claim set forth in the amended petition is not cognizable in federal habeas. (ECF No. 13). The Court ordered Petitioner to advise whether he would like to convert his habeas petition to a § 1983 civil rights action or voluntarily dismiss the petition without prejudice to refiling his claims in a § 1983 action. (Id. at 4).

On June 26, 2017, the Court received Petitioner's motion for review and reconsideration, which requested that the Court review the amended habeas petition and grant immediate release. (ECF No. 14). On June 29, 2017, the Court received Petitioner's notice that he wishes to voluntarily dismiss the instant habeas action without prejudice to refiling his claims in a § 1983 action. (ECF No. 15).

## II.

## DISCUSSION

In light of Petitioner's notice that he wishes to voluntarily dismiss the instant habeas action without prejudice to refiling his claims in a § 1983 action, the Court will deny the motion for review and reconsideration. Nonetheless, the Court notes that it has already found that Petitioner's claim in the amended petition is not cognizable in federal habeas corpus. (ECF No. 13).

Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Voluntary dismissal under this rule requires no action on the part of the Court and divests the court of jurisdiction upon the filing of the notice of voluntary dismissal. See United

States v. 475 Martin Lane, 545 F.3d 1134, 1145 (9th Cir. 2008) (describing consequences of voluntary dismissals pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)). In this case, Respondent has not served either an answer or a motion for summary judgment. Thus, Petitioner's notice of dismissal was effective upon filing and without a court order pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

## III.
## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. The motion for review and reconsideration (ECF No. 14) is DENIED; and
2. The Clerk of Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated: **July 10, 2017**

UNITED STATES MAGISTRATE JUDGE

3